GEORGE F. HODGMAN, Respondent, *v.* STEPHEN T. BARKER, Appellant.

*Court of Appeals, June 23, 1891.*

Affirming 60 Hun, 156.

*Attachment. Vacation.*—The supreme court may refuse to accept, on the application of a subsequent attaching creditor, an affidavit as sufficient to vacate an attachment, where the affiant has no personal knowledge of the facts therein stated.

Appeal from a judgment of the supreme court, first department, reversing order vacating warrant of attachment in favor of the plaintiff upon the motion of an alleged subsequent lienor.

*Wm. F. MacRae*, for appellant.

*Eugene K. Sackett*, for respondent.

PER CURIAM.—The National Broadway Bank, as a subsequent attaching creditor, made a motion to set aside the attachment in this action. Judge INGRAHAM, at the special term, vacated the attachment, holding that the affidavit upon which it was granted did not show a cause of action against the defendant; that the attachment obtained by the bank was valid, and that it had thereby obtained a lien upon the same property seized by the attachment issued in this action. From the order of the special term the plaintiff appealed to the general term, and there the order was reversed, three opinions being written. Judge VAN BRUNT agreed with Judge INGRAHAM that the affidavit upon which

the attachment in this action was issued did not show any cause of action; but he held that the affidavit upon which the attachment of the bank was issued was insufficient, and, also, that it did not appear that the attachment of the bank was levied upon the same property seized by the attachment in this action. Judge DANIELS concurred with Judge VAN BRUNT on the ground that it did not appear that the bank had attached the same property seized by the attachment in this action. Judge LAWRENCE, writing a dissenting opinion, agreed with Judges INGRAHAM and VAN BRUNT that the affidavit upon which the attachment in this action was granted, does not show a cause of action in favor of the plaintiff against the defendant, and he held that the attachment of the bank was based upon a sufficient affidavit, and that it appeared that it was levied upon a portion of the same property seized by the attachment in this action; and he therefore favored the affirmance of the order of the special term. From the decision of the general term the bank has appealed to this court.

It is not necessary now to determine whether the affidavit upon which the attachment in this action was issued is insufficient. Two of the judges of the general term concurred in holding that it did not appear that the bank had a lien upon the same property attached in this action, and that therefore it had no standing which enabled it to move to set aside the attachment. We will not now enter into a minute criticism of the affidavit presented to the special term to show that the bank had a subsequent attachment lien upon the property attached in this action. It is sufficient that the affidavit to prove the lien was not satisfactory to the supreme court. The facts were not within the personal knowledge of the person making the affidavit. They were based upon information received from another person, and no excuse whatever was given for not procuring the affidavits of the person having personal knowledge of the facts. Even if the supreme court could properly have taken

the affidavit, based upon information and belief as sufficient, it certainly was not bound to, and without committing any legal error it could refuse to grant the motion based upon such an affidavit. It is not for this court to say that it ought, and much less that it is not bound, to be satisfied with such an affidavit.

We are, therefore, of opinion that the order of the general term should be affirmed, with costs.

All concur, except Finch, J., absent.